*347 DICKINSON, Justice,
Dissenting:
¶ 42. Because I believe the trial judge abused his discretion by dismissing the plaintiffs case with prejudice, I respectfully dissent.
¶ 43. On October 4, 2006, the first day of trial, the trial court concluded that sufficient evidence of the plaintiffs incompetence existed to declare a mistrial and order her to complete guardianship proceedings within ninety days.[3]
¶ 44. On November 15, 2006, the plaintiff filed a petition in the chancery court for appointment of a conservator.
¶ 45. On December 18, 2006 — realizing that the hearing date set by the chancery court would put her very close to the trial court’s ninety-day deadline — the plaintiff filed a Motion for Additional Time to Complete Petition for the Appointment of Conservator on December 18, 2006.
¶ 46. On March 16, 2007, the chancellor — apparently convinced of the plaintiffs incompetence — appointed her a conservator. Nevertheless, because of the sixty-seven day delay in obtaining the chancery court order, the trial court dismissed the plaintiffs complaint, with prejudice. While it is true that the chancery court order was not obtained until after the trial court’s deadline, the record does not disclose the reason for the delay (for which the plaintiff may, or may not, have been responsible). Furthermore, as it turned out, the trial court’s arbitrary ninety-day deadline was unrealistic. The chancellor did not appoint a conservator until 107 days after the petition was filed. In short, parties have no control over when a chancellor acts on a petition. Thus, the plaintiff should not be deprived of her day in court simply because the chancellor did not act within the time frame arbitrarily set by the circuit court.
¶ 47. Had the plaintiff taken no steps to comply with the trial court’s order, I might be inclined to agree with the majority. However, that is not the case. Dismissal of the complaint, with prejudice, was too harsh. Thus, I believe the trial court abused its discretion, and I would reverse and remand this case for trial.
KITCHENS AND CHANDLER, JJ, JOIN THIS OPINION. LAMAR, J., JOINS THIS OPINION IN PART.

. The timing of the appointment of a guardian is, of course, within the discretion of a chancellor, not the petitioner.